# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

IGNACIO ORTEGA-MEZA,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:18-CV-1667
CRIM. NO. 2:16-CR-218
JUDGE MICHAEL H. WATSON
Chief Magistrate Judge Elizabeth P. Deavers

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed this Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 512.) This matter is before the Court on the Motion to Vacate, Respondent's Answer in Opposition (ECF No. 523, filed under seal), and the exhibits of the parties. For the reasons that follow, the Undersigned **RECOMMENDS** that the Motion to Vacate (ECF No. 512) be **DENIED**.

Petitioner's request for an evidentiary hearing is **DENIED**.

**Facts and Procedural History**

On October 3, 2017, Petitioner pleaded guilty under the terms of his negotiated Plea Agreement to Count One of the Superseding Indictment, charging him with conspiracy to possess with intent to distribute more than one kilogram of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(1), and § 846. (ECF Nos. 296, 307.) On January 25, 2018, the Court imposed a sentence of 51 months imprisonment, to be followed by 5 years supervised release. (ECF No. 446.)

On December 12, 2018, Petitioner filed this Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 512.) He asserts that he was denied the effective assistance of counsel during plea

negotiations because his attorney failed to investigate or properly advise him during plea negotiations. Petitioner claims that, but for the ineffective performance of counsel, he would not have pleaded guilty, but would have proceeded to trial (claims one, two, and three). He additionally asserts that his guilty plea was not knowing, intelligent, or voluntary, based on the ineffective assistance of counsel (claim four). It is the position of the Respondent these claims lack merit.

**Standard of Review**

In order to obtain relief under 28 U.S.C. § 2255, a petitioner must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. *United States v. Timmreck*, 441 U.S. 780 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (*per curiam*). Relief under 28 U.S.C. § 2255 is available when a federal sentence was imposed in violation of the Constitution or laws of the United States or when the trial court lacked jurisdiction, when the sentence was in excess of the maximum sentence allowed by law, or when the judgment or conviction is "otherwise subject to collateral attack." *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991). In the absence of constitutional error, the question is "whether the claimed error was a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428–429 (1962)); *see also Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2006). However, "'[a] § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exception circumstances.'" *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) (quoting *United States v. Brown*, 62 F.3d 1418 (6th Cir. 1995) (unpublished)). Further, if a petitioner fails to raise a non-constitutional claim at trial or on direct appeal, he or she has waived the matters for collateral review except where the errors amount to

something akin to a denial of due process. Accordingly, claims that could have been raised on direct appeal, but were not, will not be entertained on a motion to vacate under § 2255 unless the petitioner shows: (1) cause and actual prejudice sufficient to excuse his failure to raise the claims previously; or (2) that he is "actually innocent" of the crime. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)) (internal citations omitted).

**Ineffective Assistance of Counsel**

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that counsel's performance was deficient, or that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed" by the Sixth Amendment, and that this deficient performance prejudiced the petitioner. *Id*. at 687. This showing requires that defense counsel's errors were so serious as to deprive the defendant of a fair and reliable trial. *Id.*

"Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 599 U.S. 356, 371 (2010). Given the difficulties inherent in determining whether an attorney's performance was constitutionally deficient, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." *Strickland*, 466 U.S. at 689. Nevertheless, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691. Therefore, a petitioner must also establish prejudice in order to prevail on a claim of ineffective assistance of counsel. *Id*. at 692.

3

In order to establish prejudice, a petitioner must demonstrate that a reasonable probability exists that, but for counsel's errors, the result of the proceedings would have been different. *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Because a petitioner must satisfy both prongs of *Strickland* in order to demonstrate ineffective assistance of counsel, should a court determine that the petitioner has failed to satisfy one prong, it need not consider the other. *Id*. at 697.

Because a criminal defendant waives numerous constitutional rights when he pleads guilty, the guilty plea must be entered knowingly and voluntarily in order to be constitutionally valid. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). "'The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Sparks v. Sowders*, 852 F.2d 882, 885 (6th Cir. 1988) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). In applying this standard, a court must look at the totality of the circumstances surrounding the plea. *Id*. A criminal defendant's solemn declaration of guilt carries a presumption of truthfulness. *Henderson v. Morgan*, 426 U.S. 637, 648 (1976). Further, a criminal defendant cannot successfully challenge the voluntariness of his plea merely on the basis that he was motivated to plead guilty. *Brady v. United States*, 397 U.S. 742, 750 (1970).

However, a petitioner may challenge the entry of a plea of guilty on the basis that counsel's ineffectiveness prevented the plea from being knowing and voluntary. *Tollett v. Henderson,* 411 U.S. 258, 267 (1973). *Strickland's* two part test applies to challenges to guilty pleas based on a claim of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Sparks v. Sowders*, 852 F.2d 882, 884 (6th Cir. 1988). In order to obtain relief on that basis, however, a petitioner raising such a claim must first show that counsel's advice was not

within the range of competence demanded of attorneys in criminal cases. *Hill,* 474 U.S. at 59; *Sparks*, 852 F.2d at 884.

> The second, or "prejudice" requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 59; *Sparks,* 852 F.2d at 884. Petitioner has failed to meet this standard here.

**Analysis**

Petitioner complains that his attorney failed to engage in plea negotiations or advise him of the facts and evidence against him and his alternatives to entering a guilty plea. Petitioner states that his attorney failed to ask Petitioner whether he had reviewed the discovery material or understood the charges and evidence against him. She visited him only three times, for approximately thirty minutes each time, and told him he could sign the Plea Agreement or go to trial. Petitioner alleges that he signed the Plea Agreement without understanding its terms or substance. According to Petitioner, his attorney failed to advise him of the consequences of his guilty plea, or the potential sentencing ramifications. Had she done so, or had she engaged in plea negotiations, Petitioner claims that he would not have pleaded guilty, but would have proceeded to trial, or obtained a significantly lower sentence. Petitioner asserts that his guilty plea was not knowing, intelligent, or voluntary based on the ineffective assistance of counsel, in view of defense counsel's failure to explain the charges or evidence against him. The record, however, does not support Petitioner's allegations.

To the contrary, at the time of his guilty plea hearing, Petitioner denied being threatened or coerced. (*Transcript,* ECF No. 520, PAGEID # 1520.) He stated that he had reviewed the charges against him as well as any potential defenses with his attorney. He expressed his

complete satisfaction with counsel's advice and representation. (PAGEID # 1521.) The prosecutor detailed the terms of the Plea Agreement, indicating that Petitioner had agreed to plead guilty to conspiracy to possess with intent to distribute more than one kilo of heroin, had acknowledged the elements of the offense charged, and understood that he faced ten years to life imprisonment. (PAGEID # 1522.) Petitioner indicated that he understood all of the rights he was waiving by entry of his guilty plea. (PAGEID # 1522-23.) He also agreed to the forfeiture of the property contained in the Superseding Indictment involving U.S. Currency seized. (PAGEID # 1523.) He agreed to the statement of facts in the Plea Agreement. (PAGEID # 1524.)[1] The parties agreed that the relevant conduct was at least one but less than three kilos of

---

[1] Petitioner agreed to the following Statement of Facts in his signed Plea Agreement:

> Beginning in August of 2016, DEA investigators established that [Petitioner] was operating as a multi-ounce distributor for an organization which was trafficking in significant amounts of heroin and other narcotics in the Columbus Ohio area. After months of physical and electronic surveillance investigators established that [Petitioner] and codefendant JOSE DEL REAL-ORTEGA worked at the direction of an individual identified as "Chacorta" who directed the supply and sale of heroin in the Columbus area through distributors such as [Petitioner] and DEL REAL-ORTEGA.
>
> The investigation into ORTEGA-MEZA culminated in investigators making one video/audio recorded controlled purchase of heroin from ORETEGA-MEZA, followed by his arrest and the execution of a search warrant on his residence. Upon searching the residence used by ORTEGA-MEZA and DEL REAL-ORTEGA, investigators seized approximately 150 grams of suspected heroin, items used to process and package heroin, and approximately $4,000.00 in U.S. Currency. In a post arrest interview, DEL-REAL-ORTEGA admitted that he had been working with ORTEGA-MEZA and other[s] to distribute heroin to multiple customers in Columbus, Ohio.
>
> The defendant, IGNACIO ORTEGA-MEZA, now admits that between the approximate dates of August 1, 2016 and February 8, 2017, he knowingly, willfully, and unlawfully conspired with other persons, both known and unknown to the United States, to possess with the intent to distribute heroin more than one kilogram of heroin [sic], a schedule I controlled substance, here within the Southern District of Ohio.

heroin, resulting in an offense level of 30; that Petitioner would obtain a two level reduction in the offense level for his acceptance of responsibility, and a one point reduction for timely notifying the authorities of his intention to plead guilty. The parties further agreed that Petitioner was a minor participant in the criminal activity, resulting in an additional two level decrease in his offense level, and that if he qualified for the safety valve provision, he would obtain another two level reduction in his recommended Guideline sentence. (PAGEID # 1523-24.) The Government agreed not to pursue any further charges against the Petitioner based on the same course of criminal conduct. (PageID# 1524.) Petitioner waived his right to appeal the sentence imposed unless it exceeded the statutory maximum term of life, and waived his right to attack his conviction or sentence collaterally, except as to a claim of the denial of the effective assistance of counsel or prosecutorial misconduct. (PAGEID # 1525.) He understood that the District Court had sole discretion regarding the sentence imposed. (PAGEID # 1526.) The government could exercise its discretion in determining whether to file a motion for downward departure from Petitioner's recommended Guidelines sentence upon his providing substantial assistance. Petitioner signed the Plea Agreement indicating that he had read it and carefully reviewed every part of it with his attorney. He understood it, voluntarily agreed to it, and was completely satisfied with the representation of counsel. (*Plea Agreement,* ECF No. 296, PAGEID # 295.) Petitioner agreed with the foregoing statement at the time of his guilty plea hearing. (*Transcript*, ECF No. 520, PAGEID # 1529.) He stated that he had read the Plea Agreement, and that his attorney had explained it to him and answered all of his questions regarding the Plea Agreement.

---

(*Plea Agreement, Attachment A*, ECF No. 296, PAGEID # 799.) Petitioner indicated that he had read the statement of facts, and carefully reviewed it with his attorney. (*Id.*)

7

(PAGEID # 1528.) He indicated that he had read the statement of facts, and carefully reviewed it with his attorney. (PAGEID # 1529.) The Court advised Petitioner of all of the rights he was waiving by entry of his guilty plea. Petitioner at all times indicated that he understood and he asked no questions. (PAGEID # 1530-32.) He denied being threatened into pleading guilty. (PAGEID # 1532.) He admitted his guilt. (PAGEID # 1533.)

Thus, Petitioner's signed Plea Agreement and the statements he made while under oath at his guilty plea hearing plainly contradict his allegations now that his attorney failed to explain the charges and evidence against him, and that he did not understand the sentence he faced, or that his guilty plea was not knowing, intelligent, or voluntary on that basis. His allegations now to the contrary therefore are not worthy of credit.

> [T]he representations of the defendant, his lawyer, and the prosecutor at [a guilty plea proceeding], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73–75 (1977). "Because courts must be able to rely on a defendant's statements during a plea colloquy, 'allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *United States v. Ross*, No. 1:11-cr-00139, 2019 WL 144387, at *3 (S.D. Ohio Jan. 9, 2019) (quoting *Francis v. United States*, No. 1:15-0010, 2015 WL 5566296, at *2, (M.D. Tenn. Sep. 21, 2015) (citing *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005)).

Further, the record reveals that the government would have been able to prove the charge against the Petitioner. The PreSentence Investigation Report indicates that investigating agents

8

determined that Petitioner was a street level dealer who supplied ounce quantities of heroin in Columbus, Ohio, along with Jose Del Real-Ortega. On March 15, 2017, a confidential informant made a controlled purchase of one gram of heroin from Petitioner at 1500 Gemini Parkway in Delaware, Ohio. PreSentence Investigation Report, ¶ 46. On March 17, 2017, a search warrant was executed at Real-Ortega's residence on 1113 Pearway Lane in Columbus, Ohio. After receiving no answer at the door, agents forced entry and found Petitioner and Real-Ortega asleep in the home. Agents seized approximately 191.5 grams of heroin, grinders, balloons, electrical tape, multiple cellular telephones, axle grease, plastic bags, and $5,628 in U.S. currency. *Id.* at ¶ 47. Real-Ortega stated that he had been in Columbus, Ohio for one month distributing heroin and collecting drug proceeds and that he worked with Petitioner who typically drove them to meet customers. *Id.* at ¶¶ 48-49. Petitioner expressed his remorse for getting involved in the offense charged. *Id.* at ¶ 52. The probation officer recommended imposition of 120 months imprisonment. Ultimately, the Court imposed a term of 51 months imprisonment.

In view of the foregoing, counsel would not have acted unreasonably in advising Petitioner to enter a guilty plea. By so doing, Petitioner substantially reduced his exposure to a significant prison term and obtained a substantially reduced term of incarceration. He faced a mandatory minimum term of ten years to life. The Court imposed a term of 51 months. Nothing in the record supports Petitioner's claim now that he could have obtained a further reduced sentence or that his attorney failed to pursue plea negotiations. Additionally, Petitioner does not indicate, and the record does not reflect, the manner in which any further investigation by defense counsel would have assisted him.

Thus, in view of this record, Petitioner has failed to establish his claim for ineffective assistance of counsel.

**Recommended Disposition**

For the reasons set forth above, it is **RECOMMENDED** that this action be **DISMISSED**.

Petitioner's request for an evidentiary hearing is **DENIED.**

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED.**

   s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
Chief United States Magistrate Judge